IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Keith Nesbitt, | ) | C/A No. 20-4193-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lt. Oxhlem Cumpagna; Stg. Colier; Sgt. | ) | |
| Joseph Francis; Sgt. Reeves; Sgt R. Goins; | ) | |
| Capt. Pendergrass; John Vandermoten; Scotti | ) | |
| Bodiford; R. ISreal Hollister; Lt Shay Norris; | ) | |
| Corporal J. Norris; Brian Leonard; Officer | ) | |
| Leonard; Lieutenant Furmesia Rosier; J. | ) | |
| McCombs; A. Bowman; Sergeant C. Reeves; | ) | |
| Sergeant English; Sergeant Hannon; Sergeant | ) | **ORDER** |
| D. Martin; S. Yates; Sergeant R. Goins; | ) | |
| Sergeant J. Bailey; D.O.ll. D. Glenn; Sergeant | ) | |
| B. Jones; Lieutenant M. Mathis; Sergeant | ) | |
| Reid; Sergeant Michael Welch; Mark | ) | |
| Fleming; Segt Ryan Larper; Sgt Cozzolie; | ) | |
| N/P Ragsdale; Officer Mrs. MacJoken; | ) | |
| Sergeant Francis; Ms. C Taylor; Lieutenant J. | ) | |
| McCombs; Major Styles; Sergeant Nicole | ) | |
| Hall; Administrators S. Bodiford; C.C.T.K. | ) | |
| Simonds; Ms. K. Olszewski; Ms. S. Nagle; J. | ) | |
| Cantrell; Mr. M. Chartier; Mr. J. Howard; | ) | |
| Mental Health T. Ervin; Ms. M Livingston; | ) | |
| Mrs S. Robinson; R/N V. Stone; R/N A. | ) | |
| Kroger; C. Pittman; S. Drown; Medical | ) | |
| Adminstrator A. Roberts; Deputy Director | ) | |
| R.I. Hollister; Lieutenant Krammer; Ofc. | ) | |
| Johnson; Officer King; T. Price; Sergeant | ) | |
| Colier; Officer Ross; Officer Herb; Officer | ) | |
| Beeks; Ofc. D. Mariface; Allen McCrory; | ) | |
| William Walter Wilkins; Ofc. C. Byers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Brian Keith Nesbitt, a self-represented state pretrial detainee, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal in its current form unless Plaintiff follows the instructions in this order.

## I.      Factual and Procedural Background

Plaintiff brings this civil rights action generally regarding his conditions of confinement and treatment at the Greenville County Detention Center. Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983. The court has identified six separate incidents that cover Plaintiff's claims in this matter:  (1) retaliation for Plaintiff filing grievances; (2) confiscating Plaintiff's legal work, legal material, or legal mail; (3) Plaintiff's exposure to COVID-19; (4) framing Plaintiff for fighting; (5) indifference to Plaintiff's skin condition and leg and arm swelling; (6) and Plaintiff's placement in solitary confinement. Generally, Plaintiff does not explain which of, or how, the many named defendants were involved in these six incidents. The Complaint and supplement to the Complaint total fifty-six pages of handwritten allegations and claims.

## II.     Discussion

### A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C.

---

[1] Plaintiff's motion to proceed *in forma pauperis* is granted.  (ECF No. 2.)

§ 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The court concludes that Plaintiff's Complaint violates Federal Rule of Civil Procedure 8, which requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's Complaint fails to clearly state its claims so that the defendants would be on notice of the claims such that they could defend themselves.  See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (affirming dismissal of a complaint under Rule 8 where "the complaint . . . does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it"); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018).  Therefore, Plaintiff's Complaint, in its current form, is subject to dismissal for failure to comply with Rule 8.

Moreover, the allegations in the Complaint do not show that the six separate incidents identified by the court arise out of the same transaction or occurrence, nor do the allegations show that there will be questions of law or fact common to all defendants.  See Rule 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.").  Therefore, Plaintiff's claims about the six separate incidents are not properly brought in the same lawsuit, and the Complaint is subject to severance into different lawsuits by the court.  See Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); Owens v. Hinsley, 635 F.3d

950, 952 (7th Cir. 2011) ( "[U]nrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . . but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act . . . . Complaints like this . . . should be rejected either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal quotation marks and citations omitted).

Consequently, Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file separate complaints for each of the six incidents identified by the court:  (1) retaliation for Plaintiff filing grievances; (2) confiscating Plaintiff's legal work, legal material, or legal mail: (3) Plaintiff's exposure to COVID-19; (4) framing Plaintiff for fighting; (5) indifference to Plaintiff's skin condition and leg and arm swelling; (6) and Plaintiff's placement in solitary confinement.[2]  Each complaint should include only the allegations related to one incident, and the defendants that correspond to that incident.  Plaintiff's new complaints should also comply with Rule 8 and pleading requirements identified above.

---

[2] Plaintiff must place the civil action number listed above (C/A No. 20-4193-RMG-PJG) on any document provided to the court pursuant to this order.  **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting.  *Pro se* litigants shall **not** use the "s/typed name" format used in the Electronic Case Filing System.  In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper.  Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant.  Therefore, Plaintiff must comply with the following:  **If your mailing address changes**, **you must notify the Clerk of Court <u>in writing</u> (901 Richland Street, Columbia, South Carolina 29201) and provide the court with your new address**.  This assures that you will receive orders or other matters that specify deadlines for you to meet.  If you miss a deadline because of your failure to notify the court that your address changed, **<u>your case may be dismissed,</u>** and your failure to notify the court will not be excused.

Plaintiff should use the complaint forms attached to this order.[3]  The new complaints should be complete within themselves and may not refer back to the original complaint.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").  The court will sever the newly filed complaints from this case pursuant to Federal Rule of Civil Procedure 21 as necessary and provide instructions to Plaintiff on how to proceed in each case.  If Plaintiff fails to file new complaints, the current complaint will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A for failure to comply with Rule 8 and/or failure to comply with a court order.

**IT IS SO ORDERED**.

February 3, 2021                              Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] The Clerk of Court shall mail a copy of this order and the proper form documents to Plaintiff.  At the expiration of the deadline set above, the Clerk shall forward the file to the assigned United States Magistrate Judge.  See In Re:  Procedures in Civil Actions Filed by Prisoner *Pro Se* Litigants, No. 3:07-mc-5014-JFA.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).