IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Keith Nesbitt, | ) | C/A No. 20-4193-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lt. Oxhlem Cumpagna; Stg. Colier; Sgt. Joseph Francis; Sgt. Reeves; Sgt R. Goins; Capt. Pendergrass; John Vandermoten; Scotti Bodiford; R. ISreal Hollister; Lt Shay Norris; Corporal J. Norris; Brian Leonard; Officer Leonard; Lieutenant Furmesia Rosier; J. McCombs; A. Bowman; Sergeant C. Reeves; Sergeant English; Sergeant Hannon; Sergeant D. Martin; S. Yates; Sergeant R. Goins; Sergeant J. Bailey; D.O.ll. D. Glenn; Sergeant B. Jones; Lieutenant M. Mathis; Sergeant Reid; Sergeant Michael Welch; Mark Fleming; Segt Ryan Larper; Sgt Cozzolie; N/P Ragsdale; Officer Mrs. MacJoken; Sergeant Francis; Ms. C Taylor; Lieutenant J. McCombs; Major Styles; Sergeant Nicole Hall; Administrators S. Bodiford; C.C.T.K. Simonds; Ms. K. Olszewski; Ms. S. Nagle; J. Cantrell; Mr. M. Chartier; Mr. J. Howard; Mental Health T. Ervin; Ms. M Livingston; Mrs S. Robinson; R/N V. Stone; R/N A. Kroger; C. Pittman; S. Drown; Medical Adminstrator A. Roberts; Deputy Director R.I. Hollister; Lieutenant Krammer; Ofc. Johnson; Officer King; T. Price; Sergeant Colier; Officer Ross; Officer Herb; Officer Beeks; Ofc. D. Mariface; Allen McCrory; William Walter Wilkins; Ofc. C. Byers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

Plaintiff Brian Keith Nesbitt, a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's filing in which he requests the appointment of counsel. (ECF No. 15.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the pro se litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. Id. Based on the pleadings before the court, the plaintiff writes well and appears capable of addressing the legal issues. Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**IT IS SO ORDERED.**

March 10, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE