# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Brian Keith Nesbitt,                    )<br>                                         )<br>                                         )<br>          Plaintiff,              )<br>                                         )<br>     v.                                )<br>                                         )<br>Lt. Oxhelm Cumpagna, *et al*,    )<br>                                         )<br>                                         )<br>          Defendants.         )<br>_____) | Case No. 0:20-cv-4193-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 32) recommending that this Court dismiss Plaintiff's case without prejudice and without issuance of process and deny Plaintiff's motion for a temporary restraining order. For the reasons set forth below, the Court adopts the R&R as the order of the Court, dismisses Plaintiff's case without prejudice and without issuance of process, and denies Plaintiff's motion for a temporary restraining order.

## I. Background

Plaintiff, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.

On December 3, 2020, Plaintiff filed his original complaint, (Dkt. No. 1), and a motion for temporary restraining order, (Dkt. No. 4). On February 3, 2021, the Court issued an order directing Plaintiff to file separate complaints for the six incidents identified by the Court in Plaintiff's original complaint. Plaintiff was instructed that each complaint should include only the allegations related to one incident and the corresponding defendants. *See* (Dkt. No. 10 at 4) (noting "the allegations in the Complaint do not show that the six separate incidents identified by

the court arise out of the same transaction or occurrence, nor do the allegations show that there will be questions of law or fact common to all defendants"). Plaintiff was given 21 days to comply with the Court's order.

On April 12, 2021, Plaintiff filed two proposed amended complaints. (Dkt. Nos. 29, 30).

On May 7, 2021, the Magistrate Judge issued an R&R recommending that the Court dismiss Plaintiff's proposed amended complaints without prejudice and without service of process and deny Plaintiff's motion for a temporary restraining order. (Dkt. No. 32). Plaintiff filed objections to the R&R. (Dkt. No. 34).

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff fled objections to the R&R, the R&R is reviewed *de novo*.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's original complaint and proposed amended complaints should be dismissed without prejudice and that Plaintiff's motion for a temporary restraining order should be denied. First, the Magistrate Judge correctly found that Plaintiff failed to comply with the Court's prior order directing Plaintiff to file six separate complaints for the six unrelated incidents raised in Plaintiff's original complaint. Instead, as noted in the R&R, Plaintiff has filed only two proposed amended complaints, in violation of the Court's prior order. For this reason alone, Plaintiff's complaint is subject to dismissal. *See* Fed. R. Civ. P. 41(b). Second, the Magistrate Judge correctly noted that both proposed amended complaints fail to comply with Fed. R. Civ. P. 20 and 21 as they include unrelated claims and defendants that do not arise out of the same transaction, occurrence, or series of transactions or occurrences. And last, as noted in the R&R, neither proposed amended complaint complies with Fed. R. Civ. P. 8 as both proposed amended complaints fail to state, with any degree of specificity, which claims are asserted against each defendant or which allegations support each claim.

Plaintiff filed objections to the R&R. (Dkt. No. 34).

The Court overrules Plaintiff's objections. Plaintiff's "objections" are non-specific in nature, merely summarizing, in a general fashion, Plaintiff's original complaint. *See* (*id.* at 3).

Pertinently, Plaintiff's objections fail to take issue with any specific finding of the Magistrate Judge. For example, Plaintiff nowhere disputes that he failed to follow this Court's prior order directing him to file separate complaints for each of the non-related incidents identified by the Court in Plaintiff's original complaint. In sum, as Plaintiff's objections fail to address specific portions of the R&R, the Court finds them general in nature and they are overruled. *See Switzer v. Town of Stanley*, No. 5:11CV00021, 2012 WL 3315084, at *2 (W.D. Va. Aug. 10, 2012), *aff'd sub nom. Switzer v. Dean*, 510 F. App'x 294 (4th Cir. 2013) (noting "[g]eneral objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection").

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 32) as the order of Court, **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and **DENIES** Plaintiff's motion for a temporary restraining order (Dkt. No. 4).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 25, 2021
Charleston, South Carolina